# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT E. BURNETTE,

                Petitioner,

v.

CATHY JESS,

                Respondent.

Case No. 19-CV-1211-JPS

**ORDER**

      Petitioner was convicted of various child sex crimes in Wisconsin state court in 2012 and sentenced to a term of imprisonment in 2013. (Docket #1). He filed the instant petition pursuant to 28 U.S.C. § 2241, alleging that his conviction and sentence are contrary to federal law. *Id.* There are two problems with Petitioner's case at the outset. First, Section 2241 is not the proper statute under which to bring the instant suit. 28 U.S.C. § 2254 is the exclusive method to challenge the constitutionality of a final judgment of conviction. Section 2241 may only be used *prior* to a conviction, or for something other than a challenge to a conviction. The Court will provide Petitioner a copy of a form Section 2254 petition. He must complete that form and submit it no later than **October 1, 2019**.

      Second, Petitioner has not paid the $5.00 filing fee he owes in this matter. On August 21, 2019, the Clerk of the Court sent Petitioner a letter demanding that he either pay the fee or file a motion to proceed *in forma pauperis*. (Docket #3). If he chose to file a motion, the Clerk further informed Petitioner that he needed to provide a certified copy of his institutional trust account statement for the previous six months. *Id.*

So far, Petitioner has not done any of the things requested by the Clerk. Instead, on September 6, 2019, he filed a motion seeking to pay the filing fee out of his release account. (Docket #7). The Court will deny that motion at this time. "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the reason for the release account, federal courts generally do not permit prisoners to use funds in their release account to satisfy the filing fee requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). Thus, Petitioner must do as the Clerk has already instructed: either pay the fee or file a motion to proceed *in forma pauperis* along with his trust account statement. The Court will require Petitioner to take one of these two courses no later than **October 1, 2019**.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to pay the filing fee from his release account (Docket #7) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner shall file a corrected petition, and either pay the filing fee or file a motion for leave to proceed *in forma pauperis* with an accompanying trust account statement, on or before **October 1, 2019**. If he fails to do so, this action will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 10th day of September, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge