# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT E. BURNETTE,

    Petitioner,

v.

CATHY JESS,

    Respondent.

Case No. 19-CV-1211-JPS

**ORDER**

On September 30, 2019, the petitioner Robert E. Burnette ("Burnette") filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #12). In 2012, Burnette was charged in Racine County Circuit Court with sexually assaulting a child. *Id.* at 2. He entered an *Alford* plea[1] and in 2013 was sentenced to eleven years' imprisonment. *Id.* Burnette filed a direct appeal, as well as several post-conviction motions, all of which have been denied. *Id.* at 3–5.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*,

---

[1] An *Alford* plea allows the defendant to enter a guilty plea while maintaining his innocence, a practice approved by the U.S. Supreme Court in *North Carolina v. Alford*, 400 U.S. 25 (1970).

998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Burnette's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears that Burnette's petition is untimely. According to publicly available records of the Wisconsin court system, Burnette was sentenced on February 5, 2013, and judgment was formally entered two days later. *See State of Wisconsin v. Robert E. Burnette*, Racine County Circuit Court Case No. 2012-CF-214, Court Records, *available at*: https://wcca.wicourts.gov. Burnette's direct appeal concluded on November 1, 2016. He did not seek certiorari review in the U.S. Supreme Court. Burnette then filed his first motion for post-conviction relief on January 17, 2017. That motion made its way through the circuit court and court of appeals and was finally denied on April 17, 2018. Burnette's second and final post-conviction motion was filed on July 19, 2019. That motion was quickly denied by both the circuit and appellate courts, with proceedings concluding on October 28, 2019.

This timeline reveals that Burnette's federal habeas statute of limitations began to run on January 30, 2017, which was ninety days from the date his state appeals concluded. The one-year clock did not actually begin to tick, however, because Burnette had already filed a post-conviction motion. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the Section 2254 limitations period]."). When the first post-conviction motion was denied, the hold on the clock was released and the one-year period began to expire. The period did finally expire on April 17, 2019. Burnette's second post-conviction motion was not filed until three months after that date. That motion could not toll any time itself, as the clock had already run out, and it did not restart the limitations period. *Graham v. Borgen*, 483 F.3d 475, 477, 482-83 (7th Cir. 2007).

Though Burnette appears to have missed his deadline for filing his petition, that does not end the Court's analysis. There are two common-law exceptions that still might apply to render Burnette's petition timely: the "actual innocence" gateway and equitable tolling. The actual innocence gateway allows excuse of a procedural default when a petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). In other words, to be entitled to the actual innocence gateway, Burnette must show that new evidence makes it unlikely that he would have been found guilty. *Id.* at 896.

The second potential exception is "equitable tolling." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is

"reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 683–84 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)) (internal quotation marks omitted).

Even where it applies, equitable tolling can only offer a "brief extension of time during which a late filing will be accepted." *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017). The Seventh Circuit has held that a petition which was just two months late could not be saved by equitable tolling. *Gladney*, 799 F.3d at 894–95. Thus, it appears unlikely that Burnette will be able to present evidence that would warrant equitable tolling in his case. Nevertheless, the Court of Appeals cautions against dismissing a case on timeliness grounds without eliciting argument from the parties. *See, e.g., Gildon v. Bowen*, 384 F.3d 883 (7th Cir. 2004) ("it is difficult to conceive of a situation where a claim of equitable tolling would be clear on the face of the petition," thus, it is generally accepted that the Court should not dismiss a petition *sua sponte* on timeliness grounds, without input from the parties; also noting that the limitations period of 28 U.S.C. § 2244 "is an affirmative defense, [which] the state has the burden of" proving) (citing *Acosta v. Artuz*, 221 F.3d 117, 121–22 (2d Cir. 2000); *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J. concurring)); *see also Ray*, 700 F.3d at 1006.

The Court will, therefore, order briefing on the statute of limitations issue prior to concluding its screening of the petition or hearing any argument on the merits of the case. The parties will present their positions

on the timeliness of Burnette's petition in accordance with the following schedule:

| | |
|---|---|
| Respondent's opening brief: | **December 10, 2019** |
| Petitioner's response: | **January 2, 2020** |
| Respondent's reply: | **January 9, 2020** |

These dates are not subject to adjustment. Once briefing is complete, the Court will make a final determination on the timeliness issue. If Burnette's petition survives, the Court will complete the screening process.

Burnette also requests leave to proceed without prepayment of the $5.00 filing fee owed in this matter. (Docket #13). A review of his prison trust account statement, (Docket #14), reveals that he spends nearly all of his bi-weekly salary on canteen purchases. The Court concludes that Burnette can spare $5.00 to pay the filing fee, and will therefore deny his motion for leave to proceed without prepayment of the filing fee. Burnette must pay the filing fee no later than **December 3, 2019**, or this action will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS ORDERED** that, on or before **December 10, 2019**, Respondent shall file a brief concerning the timeliness of Petitioner's petition. On or before **January 2, 2020**, Petitioner shall file a response to Respondent's brief. On or before **January 9, 2020**, Respondent shall file a reply. There will be no extensions of time granted for the filing of these briefs; and

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (Docket #13) be and the same is hereby **DENIED** and Petitioner shall pay the filing fee owed in this matter no later than **December 3, 2019**.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge