# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT E. BURNETTE,

                Petitioner,

v.

            Case No. 19-CV-1211-JPS

CATHY JESS,

                Respondent.           **ORDER**

        The Court screened Petitioner Robert E. Burnette's ("Burnette") second amended petition on November 19, 2019. (Docket #15). The Court noted that it appeared that Burnette's petition was filed beyond the applicable statute of limitations. *Id.* at 2–3. The Court order the parties to file briefs addressing the timeliness issue before it would complete the screening process. *Id.* at 4–5.

        Respondent filed his brief in accordance with the Court's briefing schedule. (Docket #18). Burnette, meanwhile, has not filed his brief and the time in which to do so has expired. The only filing the Court received from Burnette since it issued the screening order is a letter discussing the filing fee. (Docket #19). Respondent argues that Burnette's petition is untimely by four months. (Docket #18). Respondent further notes that Burnette could avoid dismissal for his tardiness if he made a successful argument for application of the equitable tolling or actual innocence exceptions. *Id.*

        The Court will dismiss Burnette's petition for two reasons. First, Burnette has not complied with the Court's order on briefing the timeliness issue, and has therefore failed to appropriately prosecute this case. Civ. L. R. 41(c). Second, the Court is in full agreement with Respondent's unopposed arguments in her brief. Burnette's petition is untimely and he

has not attempted to suggest that any equitable doctrines may excuse this fact.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Burnette must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not debate whether the petition should have been resolved in a different manner, as not even Burnette himself has argued otherwise. As a consequence, the Court is further compelled to deny a certificate of appealability as to Burnette's petition.

Finally, the Court closes with some information about the actions that Burnette may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or

excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner Robert E. Burnette's second amended petition for a writ of habeas corpus (Docket #12) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner Robert E. Burnette's second amended petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of January, 2020.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge