# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT E. BURNETTE,

        Petitioner,

v.

CATHY JESS,

        Respondent.

Case No. 19-CV-1211-JPS

**ORDER**

On November 19, 2019, the Court screened Petitioner Robert E. Burnette's ("Petitioner") second amended petition. (Docket #15). The Court noted that it appeared that Petitioner's petition was filed beyond the applicable statute of limitations. (*Id.* at 2–3). The Court ordered the parties to file briefs addressing the timeliness issue before it would complete the screening process. (*Id.* at 4–5). Respondent filed a brief in accordance with the Court's briefing schedule, (Docket #18), but Petitioner failed to submit a response brief. On January 16, 2020, the Court dismissed Petitioner's second amended petition for two reasons: (1) Petitioner did not comply with the Court's order on briefing the timeliness issue, and he therefore failed to appropriately prosecute his case, and (2) the petition was untimely, and Petitioner did not attempt to suggest that any equitable doctrines excused his tardiness. (Docket #21). The Court entered judgment denying Petitioner's second amended petition and dismissed the case with prejudice. (Docket #22). Petitioner now moves the Court for reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b). (Docket #23).

FRCP 60(b) allows a court to vacate a judgment based on, *inter alia*, excusable neglect, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under FRCP 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). A court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

Petitioner asks the Court to excuse his neglect because he has:

> mental disabilities that do not allow him to have legal knowledge of laws, and . . . the person who he found to help him with his Habeas Corpus petition left the institution so he was unable to pursue this legal action on his own do [*sic*] to not knowing How and What to do . . . .

(Docket #23 at 1). Unfortunately for Petitioner, "neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986)). Further, the Court expressly instructed Petitioner that he was to file briefing on the timeliness issue by January 2, 2020, and Respondent went so far as to instruct Petitioner on the possible arguments he could make to overcome the timeliness issue (e.g., equitable tolling and actual innocence). (Docket #18 at 6). Petitioner missed the deadline to submit his response on the timeliness issue and has made no arguments about tolling or actual innocence.

Accordingly,

**IT IS ORDERED** that Petitioner Robert E. Burnette's motion for reconsideration of the Court's January 16, 2020 order (Docket #23) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2021.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge